USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/09/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BOSTON EXECUTIVE SEARCH ASSOCIATES, INC.,      Case No. 1:17-cv-10123 (LGS)(SDA)

           Plaintiff,          **ORDER**

     v.            **REGARDING DISCOVERY**

SIMPSON THACHER & BARTLETT LLP,

           Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiff Boston Executive Search Associates, Inc. and Defendant Simpson Thacher & Bartlett LLP having, through counsel, stipulated to the entry of this Order to promote a "just, speedy, and inexpensive determination" of this action, as required by Rule 1 of the Federal Rules of Civil Procedure, the Court ORDERS as follows:

1. This Order supplements all other discovery rules and orders. Except as expressly stated, nothing in this Order affects the parties' discovery obligations under the Federal or Local Rules or the Civil Case Management Plan and Scheduling Order entered by the Court.

2. This Order may be modified in the Court's discretion or upon application by the parties.

**Discovery of Electronically Stored Information**

3. The following protocol shall apply to the production of Electronically Stored Information ("ESI") maintained by the parties:

     A.     <u>General Document Image Format</u>. ESI shall be produced in single-page Tagged Image File Format ("TIFF") format. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document. The images should be unitized by each

1

individual logical document, endorsed with sequential alphanumeric Bates number (e.g. ABC000001), and identified corresponding to the Bates number endorsement on the first page of the document (e.g. ABC000001.tif). To the extent practicable, each individual document based on an electronic file should be accompanied by a corresponding text file containing the searchable text for the document. The text file should be identified corresponding to the Bates number endorsement on the first page of the document (e.g. ABC000001.txt). When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI to the extent possible (i.e., the original formatting, the metadata, and, where applicable, the revision history). Load files shall be provided to indicate the location and unitization of the TIFF files.

  B. <u>Metadata</u>. All ESI shall be produced in a form that maximizes the ability to search the information by use of search terms and that maximizes the amount of metadata that accompanies the information. Specifically, to the extent it exists, ESI should include the following metadata fields: BegBates; EndBates, BegAttach, EndAttach, PgCount, Custodian, CustodianAll, FileType, FileExt, FileName, Filepath, Subject, TO, FROM, CC, BCC, DATESENT, TIMESENT, DATERCVD, TIMERCVD, AUTHOR, DATECREAT, TIMECREATE, DATELASTMOD, TIMELASTMOD, DOCLINK. All other metadata should be preserved in the native files to the extent possible so that it may be produced upon a showing of good cause. Prior to production, a producing party is permitted to de-duplicate identical documents collected from multiple sources.

  C. <u>Text-Searchable Documents</u>. No party has an obligation to make its production text-searchable; however, if a party's documents already exist in text-

searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

  D. <u>Native Files</u>. Producing parties shall produce in native format all Excel files and all other files that are impracticable to produce in single-page TIFF format. A party may, for good cause shown, also request production in native format of a specific document that was previously produced in single-page TIFF format.

  E. <u>No Backup Restoration Required</u>. Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

  F. <u>Voicemail and Mobile Devices</u>. No party shall be required to search for or produce the following categories of ESI, except upon a showing of good cause: (1) audio, video, or audio-visual information (.wav, .mp3, .avi, .swf, etc.); (2) telephonic recordings; (3) unreadable or corrupt files; and (4) any other types subsequently agreed to by the parties. Absent a showing of good cause, voicemails, instant messages, PDAs, and mobile phones are deemed not reasonably accessible and need not be collected and preserved.

  G. <u>Production Media</u>. Documents shall be produced on external hard drives or electronic media such as CDs, DVDs, USB drives, or by any other means agreed to by the parties ("Production Media"). Production by FTP rather than on hard media will be acceptable. Each piece of production media should identify: (1) the producing party's

name; (2) the production date; and (3) the Bates Number range of the materials contained on the Production Media.

        H.      <u>Custodians.</u> To limit the number of searches to be undertaken by a party to identify responsive ESI, no party shall be required to search for responsive ESI from more than ten (10) custodians.

        I.      <u>Scope of Searches</u>. The parties shall not be required to search for responsive ESI that was created more than five years before the filing of the lawsuit or from sources that are not reasonably accessible without undue burden or cost. The parties shall cooperate in determining proper search terms to identify responsive ESI.

        J.      <u>Time Devoted to Searches</u>. No party responding to a request for documents need expend more than 160 hours, inclusive of time spent identifying potentially responsive ESI, collecting ESI, searching that ESI (whether using properly validated keywords, Boolean searches, computer-assisted or other search methodologies) and reviewing that ESI for responsiveness, confidentiality and for privilege or work product protection. The producing party shall be able to demonstrate that the search was effectively designed and efficiently conducted. A party from whom ESI has been requested shall maintain detailed time records to demonstrate what was done and the time spent doing it, for review by an adversary and the Court, if requested.

## **Privilege Logs**

4.      Communications involving trial counsel that post-date the filing of the Complaint need not be identified on any privilege log provided pursuant to Local Civil Rule 26.2.

## Redactions

5.  The parties may make redactions to documents only on the grounds of attorney-client privilege, work product protection, or any other applicable privilege or protection. The parties may not redact material solely on the grounds of relevance or non-responsiveness. A party making redactions of documents in accordance with this paragraph shall prepare and produce a log containing the same categories required for privilege logs.

## Inadvertent Production Of Privileged Materials

6.  The inadvertent or mistaken production or disclosure of documents or other information subject to the attorney-client privilege, the work product doctrine, or other privilege shall not be deemed a waiver of a claim of privilege, either as to the specific information disclosed or as to any other related information. If a producing party inadvertently produces or otherwise discloses information that is subject to such privilege, the producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the inadvertently disclosed information be returned. The receiving party shall return all copies of the inadvertently produced material within five business days of receipt of the request. Return of the information or material by the receiving party shall not constitute an admission or concession, or permit any inference, that the returned information or material is, in fact, properly subject to a claim of privilege nor shall it foreclose any party from moving the court for an order that such information or material has been improperly designated or should be producible for reasons other than a waiver caused by the inadvertent production.

Dated: March 9, 2018
New York, New York

SO ORDERED

HON. LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

7. Except as expressly stated, nothing in this order affects the parties' discovery obligations under the Federal or Local Rules.

Dated: _____[see signature on prior page]_____
United States District Judge
Lorna G. Schofield