Schofield, L.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/29/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
BOSTON EXECUTIVE SEARCH ASSOCIATES, INC.:

      Plaintiff,

v.               1:17-cv-10123-LGS
              ECF Case
SIMPSON THACHER & BARTLETT LLP,

      Defendant.

------------------------------------------------------------------- x

## [PROPOSED] PROTECTIVE ORDER

  The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately-tailored protective order governing the pre-trial phase of this action, it is therefore hereby

  ORDERED that any person subject to this Protective Order—including without limitation the parties to this action, their representatives, employees, attorneys, agents, experts and consultants, and all third parties providing discovery in this action—shall adhere to the following terms, upon pain of contempt:

  1.  Any person subject to this Protective Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Protective Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

  2.  All Discovery Material produced in this action may be used only to evaluate, prosecute or defend a claim in this action and for no other purpose, including any business purpose.

1

3. The party or person producing any given Discovery Material (the "Producing Party") may designate as Confidential any Discovery Material that the Producing Party believes in good faith to constitute, contain, reflect or disclose confidential personal or business information, trade secrets, personnel records, or sensitive business or commercial information as to which the designating party has a reasonable, good faith basis to believe that it would suffer harm if the Discovery Material were disclosed to the public.

4. With respect to Discovery Material other than deposition transcripts, the Producing Party or its counsel may designate such Discovery Material as Confidential by stamping or otherwise clearly marking any individual page of the document that contains confidential information as "Confidential." With respect to deposition transcripts, a Producing Party or its counsel may designate such Discovery Material as Confidential by designating the specific pages and lines of the transcript that contain confidential information as Confidential either on the record at the deposition or within 14 days thereafter. Deposition transcripts shall be treated as Confidential Discovery Material for a period of 14 days after the deposition.

5. If at any time prior to the trial of this action, a Producing Party realizes that Discovery Material it previously produced without designating it as Confidential should be designated as Confidential, the Producing Party may so designate such Discovery Material as Confidential by informing all parties in writing, and such Discovery Material will thereafter be treated as Confidential under the terms of this Protective Order. The Producing Party shall subsequently provide a replacement copy of any such Discovery Material with a Confidential stamp.

6. No person subject to this Protective Order other than the Producing Party shall disclose any of the Discovery Material designated by the Producing Party as Confidential to any other person whomsoever, except to:

   a. the parties to this action;

   b. counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

   c. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

   d. any potential witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, during the course of and in preparation for such deposition or testimony, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

   e. any witness during the course of their deposition or trial testimony, in which case such witness shall automatically be bound by the terms of this Protective Order without the need to sign the Non-Disclosure Agreement;

   f. any person retained by a party to serve as an expert witness or consultant, or to otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

   g. stenographers, court reporters, and videographers engaged to transcribe or record depositions conducted in this action;

   h. the Court and its support personnel; and

i. any other person only upon order of the Court or upon prior written consent of the Producing Party who produced the Confidential Discovery Material.

7. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 6(d) or 6(f) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that they have read this Protective Order and agree to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel upon request either immediately prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

8. Any party who intends to file with the Court any Confidential Discovery Material, or any pleadings, motions or other papers that would disclose such Confidential Discovery Material, shall notify the Producing Party no less than three business days prior to such filing to enable the Producing Party sufficient time to submit a letter to the Court on or before the filing date in accordance with the procedure set forth in Section I.C.3 of this Court's Individual Rules and Procedures for Civil Cases. The Court retains unfettered discretion whether or not to afford confidential treatment to any Confidential Discovery Material or information contained in any Confidential Discovery Material submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

9. Any party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If agreement cannot be reached promptly following a meet and confer among all interested parties, counsel for such interested parties shall jointly file a pre-motion letter in accordance with this Court's Individual Rules and Procedures for Civil

Cases, setting forth the dispute and each interested party's statement of its position on the disputed confidentiality designation(s). The provisions of this paragraph are not intended to affect in any way any party's burden with respect to establishing or contesting confidentiality. Pending resolution of any dispute raised under this paragraph or agreement by the Producing Party, the Discovery Material that is the subject of the dispute shall maintain its designated Confidential status pursuant to the applicable terms of this Protective Order unless and until the Court orders otherwise. If the Court determines that there was no good faith basis for the Producing Party to designate as confidential the Discovery Material that was the subject of the dispute, the Court may impose whatever remedy or remedies it deems appropriate in the circumstances, which may include sanctions.

10. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

11. If Confidential Discovery Material is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall within two business days after learning of such disclosure, inform the Producing Party of all pertinent facts relating to such disclosure, make every effort to promptly retrieve the Confidential Discovery Material, and make every effort to prevent disclosure by each unauthorized person who received such information.

12. Any Party that is served with a subpoena, public records request, or other notice or request purporting to compel the production of any Confidential Discovery Material shall give written notice of such subpoena, request or other notice to counsel for the Producing Party and any other parties within three business days of receipt. The Producing Party shall bear the

burden to oppose, if it deems appropriate, the subpoena, public records, or other notice or request on grounds of confidentiality. The party served with the subpoena, public records request or other notice or request shall not make early disclosure of any Confidential Discovery Material in a manner that might prejudice the Producing Party's ability to take such action.

13. If, in connection with this action, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

   a. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

   b. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

   c. The receiving party may move the Court for an order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

   d. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Protective

Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

14. A party's compliance with the terms of this Protective Order:

   a. shall not operate as an admission that any particular Discovery Material is or is not confidential, privileged or protected, or admissible in evidence at trial;

   b. shall not operate as an admission that any particular Discovery Material contains or reflects proprietary or commercially sensitive information;

   c. shall not prejudice in any way the rights of any party to object to production of Discovery Material it considers not subject to discovery or nonresponsive;

   d. shall not prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any Discovery Material, testimony or evidence;

   e. shall not prejudice in any way the rights of any party to seek determination by the Court as to whether particular Discovery Material or information shall be produced, and, if produced, whether such Discovery Material and information shall be protected; and

   f. shall not prejudice in any way the rights of any party to apply to the Court for a further protective order relating to any Discovery Material, information or testimony.

15. This Protective Order does not address the confidentiality or otherwise of Confidential Discovery Material introduced in evidence at any trial of this action.

16. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential,"

and all copies thereof, shall be promptly returned to the Producing Party, or, upon permission of the Producing Party, destroyed.

17. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED this 27th day of March, 2018:

DILWORTH PAXSON LLC

*Ira N. Glauber (8383)*
99 Park Avenue, Suite 320
New York, New York 10016
Telephone: (917) 675-4252

Douglas W. Salvesen
Yurko, Salvesen & Remz, P.C.
One Washington Mall, 11th Floor
Boston, Massachusetts 02113
Telephone: (617) 723-6900

*Attorneys for Plaintiff Boston Executive Search Associates, Inc.*

SIMPSON THACHER & BARTLETT LLP

Alan C. Turner (aturner@stblaw.com)
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-2000

*Attorneys for Defendant Simpson Thacher & Bartlett LLP*

SO ORDERED this  29  day of  March 29 , 2018

The Honorable Lorna G. Schofield
Unites States District Judge

The parties' proposed protective order is approved, except for any provisions for filing documents under seal, which are stricken. If the parties wish to file documents under seal, they must comply with the Court's Individual Rule I.C.3.
Dated: March 29, 2018
    New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
BOSTON EXECUTIVE SEARCH ASSOCIATES, INC.:
:
: Plaintiff,
:
v. : 1:17-cv-10123-LGS
: ECF Case
SIMPSON THACHER & BARTLETT LLP, :
:
Defendant. :
:
------------------------------------------------------------------- x

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____                    _____