USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/18/2018

**YURKO, SALVESEN & REMZ, P.C.**
Attorneys at Law

**Richard J. Yurko**
**Douglas W. Salvesen**
**Sanford F. Remz***
**Anthony B. Fioravanti**

**Donald K. Stern**
**Of Counsel**

**Noemi A. Kawamoto***

* Also admitted in NY

May 17, 2018

Defendant shall file a letter in response by May 24, 2018, in accordance with the Court's Individual Rule III.A.1.
Dated: May 18, 2018
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

VIA ECF FILING

The Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 1106
New York, New York 10007

Re: Boston Executive Search Associates, Inc. v. Simpson Thacher & Bartlett LLP
Docket No.: 1:17-cv-10123-LGS

Dear Judge Schofield:

Pursuant to Rule III.A.1 of the Court's Individualized Rules, the Plaintiff Boston Executive Search Associates, Inc. ("ESA") submits this letter motion to request a pre-motion conference. As explained more fully below, documents that Defendant Simpson Thacher & Bartlett LLP produced on April 27, 2018 disclosed additional relevant facts, including that it paid the lateral partner placed by Plaintiff a "signing" bonus of $1 million. Accordingly, Plaintiff seeks to amend its claim for damages to account for this additional compensation. I propose that the conference take place on June 5, 2018 (I am on vacation between May 23 and June 4) or on a date thereafter that is convenient for the Court.

## I. Background

This is an action to recover a placement fee due to Plaintiff ESA for professional services it provided to Defendant Simpson Thacher in connection with the firm's hiring of a lateral partner, Michael Torkin, Esq.

In March 2017, the Head of Simpson Thacher's Bankruptcy and Restructuring Practice ("Restructuring Practice"), Sandeep Qusba, Esq., asked Plaintiff ESA to present lateral partner candidates with a specialty in handling bankruptcy and restructuring matters for private equity and hedge funds clients. A few days later, Plaintiff ESA presented Attorney Torkin, then a partner at Sullivan & Cromwell, as a potential candidate. Plaintiff ESA coordinated the initial meeting between Attorney Torkin and Mr. Qusba who then began the process to determine whether they were compatible. Periodically thereafter, Plaintiff ESA would speak with Attorney Torkin and Mr. Qusba to see what assistance, if any, it could be. In each instance, Plaintiff was assured that the negotiations with Attorney Torkin were positive and ongoing and its assistance was unnecessary.

When Plaintiff ESA learned in November that Defendant Simpson Thacher had made Attorney Torkin a partner in the firm, it telephoned Mr. Qusba to congratulate him and to ask when Simpson Thacher intended to pay the fee owed for the placement. Mr. Qusba minimized the Plaintiff's role in the placement and told it that he did not believe any fee was due, in part, because no written contract had been signed by the parties for the services requested by Defendant Simpson Thacher and provided by Plaintiff ESA.

Plaintiff ESA filed this action on December 27, 2017 asserting claims for quantum meruit, unjust enrichment, and breach of an implied contract. At the Initial Pretrial Conference, Plaintiff ESA agreed to dismiss the count for breach of an implied contract, and filed an Amended Complaint on March 12, 2018.

In the Amended Complaint, Plaintiff ESA alleged that Defendant Simpson Thacher is obligated to pay it the standard industry fee of twenty-five percent (25%) of Attorney Torkin's expected first-year compensation. At the time, ESA believed that this amount was $3.75 million, which would result in a placement fee of $937,500. Plaintiff ESA specifically alleged that Simpson Thacher was aware that the standard fee for services provided by a legal recruiter is twenty-five percent (25%) of the attorney's first-year compensation. In its Answer, Simpson Thacher denied being aware of the standard fee.

## II. Discovery from Defendant Simpson Thacher

On February 1, 2018, Plaintiff ESA served a Request for Documents on Defendant. Three weeks ago, on April 27, 2018, Defendant Simpson Thacher produced responsive documents.

Those documents disclosed that Defendant Simpson Thacher recognized that it needed to fortify its Restructuring Practice in 2015. At that time, its Executive Committee authorized Mr. Qusba to undertake a search process to locate appropriate lateral partner candidates. Mr. Qusba engaged Corrao Miller Wiesenthal Legal Search Consultants, Inc. ("CMW") to present lateral partner candidates. The contract with CMW for its efforts, which were unsuccessful, stated that the agreed-upon fee was twenty-five percent (25%) of the total first year's compensation to be paid to any attorney placed by CMW – which is the same fee that Plaintiff claims in this action.

Defendant's production also included an October 20, 2017 offer letter to Attorney Torkin. In that letter, Simpson Thacher stated that it expected that Attorney Torkin's share of the partnership would result in annual compensation of $3.75 million. The letter also referenced a previously undisclosed additional payment of a $1 million "signing" bonus to Attorney Torkin.

Plaintiff ESA now seeks leave of Court to file a Second Amended Complaint to include allegations that Defendant Simpson Thacher's request that it present lateral partner candidates was part of an ongoing effort by the firm to shore up its Restructuring Practice, that Defendant Simpson Thacher was aware of – and had expressly agreed with another search firm – to pay the standard fee of twenty-five percent (25%) of the expected first-year compensation to be paid to the placed attorney, and that the amount expected to be paid to Attorney Torkin includes a $1 million "signing" bonus.

**III. Applicable Standards**

Rules 15(a) and 16(b) of the Federal Rules of Civil Procedure supply the standards to be applied to the Plaintiff's motion for leave to amend its complaint. See Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 243 (2d Cir. 2007).

Rule 15(a) requires that courts "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). This permissive standard is consistent with the "strong preference for resolving disputes on the merits." Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC, 797 F.3d 160, 190 (2d Cir. 2015), quoting Williams v. Citigroup, Inc., 659 F.3d 208, 212-13 (2d Cir. 2011)). Accordingly, a "motion to amend is generally denied only for 'futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party.'" Chavis v. Chappius, 618 F.3d 162, 171 (2d Cir. 2010), quoting Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008)). None of the reasons for denying leave exist in this case.

The lenient standard under Rule 15(a) in favor of amendments, "must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.'" Thind v. Healthfirst Mgmt. Servs., LLC, 14 Civ. 9539 (LGS), slip op., 2016 U.S. Dist. LEXIS 170503, *6 (S.D.N.Y. Dec. 9, 2016) (Schofield, J.), quoting Grochowski v. Phoenix Constr., 318 F.3d 80, 86 (2d Cir. 2003). To show good cause, Plaintiff ESA "must demonstrate diligence before filing [its] motion, such that despite [its] effort, the deadline to amend the pleadings could not have been reasonably met." Id.

Although this request for leave is made after the April 1, 2018 deadline for amendments set by the Court's Scheduling Order, Plaintiff ESA has been diligent. The documents disclosing the scope of Simpson Thacher's efforts to bolster its Restructuring Practice, its knowledge of and agreement to pay the standard industry fee for a successful placement, and the $1 million "signing" bonus were provided to Plaintiff only three weeks ago. No substantive depositions have been taken and discovery is not scheduled to close until July 6, 2018. To allow the amendment would not prejudice Defendant in any way and leave should be granted.

Plaintiff ESA has drafted a Second Amended Complaint that includes these additional allegations and some other minor editorial changes. On May 14, 2018, it shared this draft and a redlined version with Defendant's counsel. Plaintiff has not attached a copy to this Letter Motion because Defendant's counsel has stated that he intends to seek have portions of the pleading and attachments filed under seal, which Plaintiff ESA believes to be unnecessary.

Respectfully submitted,

Douglas W. Salvesen