```
UNITED STATES DISTRICT COURT              USDC SDNY
SOUTHERN DISTRICT OF NEW YORK             DOCUMENT
------------------------------------------X   ELECTRONICALLY FILED
                                          :   DOC #:_____
BOSTON EXECUTIVE SEARCH                   :   DATE FILED: 5/25/2018
ASSOCIATES, INC.,                         :
                           Plaintiff,     :   17 Civ. 10123 (LGS)
                                          :
            -against-                     :   ORDER
                                          :
SIMPSON THACHER & BARTLETT LLP,           :
                           Defendant.     :
                                          :
------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, by letter emailed to the Chambers inbox dated May 24, 2018, Defendant requested sealing portions of Plaintiff's May 17, 2018, letter requesting leave to file a second amended complaint (Dkt. No. 26), portions of Plaintiff's proposed second amended complaint, and two exhibits to Plaintiff's proposed second amended complaint.

WHEREAS, the proposed redactions and sealed exhibits contain confidential information, specifically Defendant's sensitive business information. It is hereby

**ORDERED** that Defendant's proposed redactions and sealed exhibits are accepted. Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (internal quotation marks omitted); *see also Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."). The proposed redactions and sealed filings are narrowly tailored and necessary to prevent the unauthorized dissemination of sensitive business information, and to avoid competitive disadvantage. *See, e.g., Hesse v. Sungard Sys. Int'l*, No. 12 Civ. 1990, 2013 WL

174403 at *2 (S.D.N.Y. Jan. 4, 2013) (sealing emails that "include sensitive client information and proprietary business information, including *inter alia*, the company's billing rates and project pricing"); *Avocent Redmond Corp. v. Raritan Americas, Inc.*, No. 10 Civ. 6100, 2012 WL 3114855, at *16 (S.D.N.Y. Jul. 31, 2012) (sealing "confidential employment information, the disclosure of which could affect future contract negotiations" and "confidential business information . . . the disclosure of which would cause competitive harm"); *Kelly v. Evolution Markets, Inc.*, 626 F. Supp. 2d 364, 377 (S.D.N.Y. 2009) (sealing employment agreement). It is further

**ORDERED** that Plaintiff shall substitute a redacted version of the now sealed motion at Docket Number 26, redacting all information identified by Defendant as confidential. It is further

**ORDERED** that Plaintiff is granted leave to file a Second Amended Complaint ("SAC"). By June 7, 2018, Plaintiff shall file a version of the SAC redacting all confidential information identified by Defendant and omitting the confidential exhibits, and shall file under seal the complete unredacted SAC with all exhibits.

Dated: May 25, 2018
       New York, New York

LORNA G. SCHOFIELD<br>
UNITED STATES DISTRICT JUDGE