# YURKO, SALVESEN & REMZ, P.C.

Attorneys at Law

Richard J. Yurko
Douglas W. Salvesen
Sanford F. Remz*
Anthony B. Fioravanti

Donald K. Stern
Of Counsel

Noemi A. Kawamoto*

* Also admitted in NY

May 22, 2018

VIA ECF FILING

The Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 1106
New York, New York 10007

*Application DENIED. This letter does not comply with the Court's Individual Rule III.C.3, which mandates conferring with the opposing party in good faith prior to raising a discovery dispute with the Court.*
*Dated: May 25, 2018*
*New York, New York*

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re: <u>Boston Executive Search Associates, Inc. v. Simpson Thacher & Bartlett LLP</u>
Docket No.: 1:17-cv-10123-LGS

Dear Judge Schofield:

Pursuant to Rule III.A.1 of the Court's Individualized Rules, the Plaintiff Boston Executive Search Associates, Inc. ("ESA") submits this letter motion to <u>request a pre-motion conference to address Defendant Simpson Thacher's blanket designation of documents it has produced as "confidential."</u> The Court's March 29, 2018 Protective Order permits Defendant to designate a document as "confidential" only if it has a "good faith basis to believe that it would suffer harm" if the document were disclosed to the public. <u>See</u> Protective Order, Docket No. 24, at ¶ 3. In violation of this Order, Defendant has designated <u>97%</u> of its production (938 of the 964 documents) as "confidential" – none of which would seriously harm Defendant if disclosed.

I propose that the conference take place on June 5, 2018 (I am on vacation between May 23 and June 4) or on a date thereafter that is convenient for the Court.

**I.     Procedural Background**

This is an action to recover a placement fee due to Plaintiff ESA for professional services provided to Defendant Simpson Thacher in connection with the firm's hiring of a lateral partner. Michael Torkin, Esq.

On March 29, 2018, the Court entered the Protective Order proposed by the parties. Paragraph 3 of the Protective Order provides as follows:

> 3.      The party or person producing any given Discovery Material (the "Producing Party") may designate as Confidential any Discovery Material that the Producing Party believes in good faith to constitute, contain, reflect or disclose confidential personal or business information, trade secrets, personnel records, or sensitive business or commercial information as to which the designating party has a reasonable, good faith basis to believe that it would suffer harm if the Discovery Material were disclosed to the public.

On February 1, 2018, Plaintiff ESA served a Request for Documents. On March 5, 2018, Defendant served its Responses and Objections. On April 27, 2018, Defendant produced 1,320 pages of documents. As noted above, the vast majority of documents produced by the Defendant have been designated "confidential." Documents that Defendant Simpson Thacher designated as "confidential" pursuant to the Court's Protective Order include the following:

- an Outlook calendar entry for "Call w/Torkin 3/4 pm."
- Attorney Torkin's public profile from the Sullivan & Cromwell web site.
- an exchange of e-mails to schedule dinner reservations.
- various e-mails praising Attorney Torkin's "terrific" energy.
- Defendant's contracts with various third-party search firms.
- an exchange of e-mails to schedule lunch reservations.
- e-mails commenting on Attorney Torkin's resemblance to George Lazenby.
- an exchange of e-mails to schedule coffee.
- a copy of the Am Law Daily article reporting Attorney Torkin's hire.
- an emoji -- 👍.
- a text consisting entirely of the letter "K."

Plaintiff is not cherry-picking. To the contrary, Plaintiff could fill up the entire three pages of this Letter Motion with examples of documents improperly designated as "confidential" and still have scores left over. In fact, as far as Plaintiff can determine, Defendant would not "suffer harm" if any of its production were disclosed to the public.

## II.  Argument

When parties act in good faith, protective orders entered at the outset of a case, like the one here, facilitate the speedy and prompt resolution of litigation. The Order permits a producing party to bypass the obligation to seek protection on a document-by-document basis and to self-determine what documents will be entitled to the protections of Rule 26(c)(1). But a party's designation of a document as "confidential" has consequences. It severely restricts dissemination of the document and obligates opposing counsel to obtain written acknowledgement from third parties to maintain the document's confidential status. It requires that confidential sections of a deposition transcript be treated differently from non-confidential sections. It obligates litigants to provide advance notice of the use of such documents in court filings. It requires litigant to decide whether to challenge or acquiesce in the designation.

In fact, the "designation of a document as confidential will be viewed as equivalent to a motion for protective order and subject to the sanctions of Fed. R. Civ. P. 26(g)." Havens v. Metropolitan Life Ins. Co. (In re Akron Beacon Journal), 94 Civ. 1402 (CSH), slip op. at 49,

1995 U.S. Dist. LEXIS 5183 (S.D.N.Y. Apr. 20, 1995) (Haight, J.). See also In re NASDAQ Market-Makers Antitrust Litig., 164 F.R.D. 346, 358 (S.D.N.Y. 1996) ("The designation of a document as confidential will be viewed as equivalent to a motion for protective order and will, thus, be subject to the sanctions of Rule 26(g), Fed. R. Civ. P.") (Sweet, J.); MANUAL FOR COMPLEX LITIGATION § 11.432 (4th ed. 2004)("[t]he designation of a document as confidential should be viewed as equivalent to a motion for a protective order and subject to the sanctions of Federal Rule of Civil Procedure 37(a)(5), as provided by Rule 26(c)")..

Consequently, under Rule 26(c)(1) and the Protective Order, Defendant Simpson Thacher must have a good faith belief that "good cause" exists for its "confidential" designations. Good cause is established by a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Bank of New York v. Meridien BIAO Bank Tanzania Ltd., 171 F.R.D. 135, 143 (S.D.N.Y. 1997). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." Id., quoting Cipollone v. Liggett Grp., Inc., 785 F.2d 1108, 1121 (3d Cir. 1986).

Confidential business information does not warrant protection under the Rule simply because it is non-public. Gelb v. Am. Tel. & Tel. Co., 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993) (fact that business documents are secret or that their disclosure might result in adverse publicity does not automatically warrant a protective order); Salomon Smith Barney, Inc. v. HBO & Co., 98 Civ. 8721 (LAK), 2001 WL 225040 at *3 (S.D.N.Y. Mar. 7, 2001) (Kaplan, D.J.) ("[I]mplicit in the notion of 'confidential business information' is something beyond the mere fact that the particular datum has not previously been made available to the public"); Encyclopedia Brown Prods. v. Home Box Office, 26 F.Supp.2d 606, 613 (S.D.N.Y. 1998) ("With respect to proof of competitive harm, vague and conclusory allegations will not suffice. Movant must prove that disclosure would work a clearly defined and very serious injury").

It is obvious that Defendant Simpson Thacher is not acting in good faith and has simply thrown a blanket cloak of confidentiality over common commercial transactions and private communications. Given the scope of the Defendant's disregard of the Court's Protective Order, the appropriate remedy is (1) to strike the "confidential" designations from the documents produced by the Defendant; and (2) to require the Defendant to identify to the Plaintiff any specific documents that it continues to contend are confidential. With respect to those documents, the Defendant should be required to make a particular and specific demonstration of fact for each document showing that disclosure would result in an injury sufficiently serious to warrant protection. If the parties cannot reach agreement on whether a document is entitled to protection, the Defendant should be required to seek a protective order under Rule 26(c). The Plaintiff also requests its attorney's fees associated with this Letter Motion.

Respectfully submitted,

Douglas W. Salvesen