# YURKO, SALVESEN&REMZ, P.C.

## Attorneys at Law

Richard J. Yurko
Douglas W. Salvesen
Sanford F. Remz*
Anthony B. Fioravanti

Donald K. Stern
Of Counsel

Noemi A. Kawamoto*

\* Also admitted in NY

May 17, 2018

VIA ECF FILING

The Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 1106
New York, New York 10007

Re:   Boston Executive Search Associates, Inc. v. Simpson Thacher & Bartlett LLP
       Docket No.: 1:17-cv-10123-LGS

Dear Judge Schofield:

Pursuant to Rule III.A.1 of the Court's Individualized Rules, the Plaintiff Boston Executive Search Associates, Inc. ("ESA") submits this letter motion to request a pre-motion conference. As explained more fully below, documents that Defendant Simpson Thacher & Bartlett LLP produced on April 27, 2018 disclosed additional relevant facts███████████████████. Accordingly, Plaintiff seeks to amend its claim for damages ███████████████. I propose that the conference take place on June 5, 2018 (I am on vacation between May 23 and June 4) or on a date thereafter that is convenient for the Court.

## I.      Background

This is an action to recover a placement fee due to Plaintiff ESA for professional services it provided to Defendant Simpson Thacher in connection with the firm's hiring of a lateral partner, Michael Torkin, Esq.

In March 2017, the Head of Simpson Thacher's Bankruptcy and Restructuring Practice ("Restructuring Practice"), Sandeep Qusba, Esq., asked Plaintiff ESA to present lateral partner candidates with a specialty in handling bankruptcy and restructuring matters for private equity and hedge funds clients. A few days later, Plaintiff ESA presented Attorney Torkin, then a partner at Sullivan & Cromwell, as a potential candidate. Plaintiff ESA coordinated the initial meeting between Attorney Torkin and Mr. Qusba who then began the process to determine whether they were compatible. Periodically thereafter, Plaintiff ESA would speak with Attorney Torkin and Mr. Qusba to see what assistance, if any, it could be. In each instance, Plaintiff was assured that the negotiations with Attorney Torkin were positive and ongoing and its assistance was unnecessary.

# YURKO, SALVESEN&REMZ, P.C.

The Hon. Lorna G. Schofield
May 17, 2018
Page 2

When Plaintiff ESA learned in November that Defendant Simpson Thacher had made Attorney Torkin a partner in the firm, it telephoned Mr. Qusba to congratulate him and to ask when Simpson Thacher intended to pay the fee owed for the placement. Mr. Qusba minimized the Plaintiff's role in the placement and told it that he did not believe any fee was due, in part, because no written contract had been signed by the parties for the services requested by Defendant Simpson Thacher and provided by Plaintiff ESA.

Plaintiff ESA filed this action on December 27, 2017 asserting claims for quantum meruit, unjust enrichment, and breach of an implied contract. At the Initial Pretrial Conference, Plaintiff ESA agreed to dismiss the count for breach of an implied contract, and filed an Amended Complaint on March 12, 2018.

In the Amended Complaint, Plaintiff ESA alleged that Defendant Simpson Thacher is obligated to pay it the standard industry fee of twenty-five percent (25%) of Attorney Torkin's expected first-year compensation. At the time, ESA believed that this amount was $3.75 million, which would result in a placement fee of $937,500. Plaintiff ESA specifically alleged that Simpson Thacher was aware that the standard fee for services provided by a legal recruiter is twenty-five percent (25%) of the attorney's first-year compensation. In its Answer, Simpson Thacher denied being aware of the standard fee.

## II.    Discovery from Defendant Simpson Thacher

On February 1, 2018, Plaintiff ESA served a Request for Documents on Defendant. Three weeks ago, on April 27, 2018, Defendant Simpson Thacher produced responsive documents.



Plaintiff ESA now seeks leave of Court to file a Second Amended Complaint to include allegations that Defendant Simpson Thacher's

# YURKO, SALVESEN & REMZ, P.C.

The Hon. Lorna G. Schofield
May 17, 2018
Page 3

### III.    Applicable Standards

Rules 15(a) and 16(b) of the Federal Rules of Civil Procedure supply the standards to be applied to the Plaintiff's motion for leave to amend its complaint. See Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 243 (2d Cir. 2007).

Rule 15(a) requires that courts "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). This permissive standard is consistent with the "strong preference for resolving disputes on the merits." Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC, 797 F.3d 160, 190 (2d Cir. 2015), quoting Williams v. Citigroup, Inc., 659 F.3d 208, 212-13 (2d Cir. 2011)). Accordingly, a "motion to amend is generally denied only for 'futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party.'" Chavis v. Chappius, 618 F.3d 162, 171 (2d Cir. 2010), quoting Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008)). None of the reasons for denying leave exist in this case.

The lenient standard under Rule 15(a) in favor of amendments, "must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.'" Thind v. Healthfirst Mgmt. Servs., LLC, 14 Civ. 9539 (LGS), slip op., 2016 U.S. Dist. LEXIS 170503, *6 (S.D.N.Y. Dec. 9, 2016) (Schofield, J.), quoting Grochowski v. Phoenix Constr., 318 F.3d 80, 86 (2d Cir. 2003). To show good cause, Plaintiff ESA "must demonstrate diligence before filing [its] motion, such that despite [its] effort, the deadline to amend the pleadings could not have been reasonably met." Id.

Although this request for leave is made after the April 1, 2018 deadline for amendments set by the Court's Scheduling Order, Plaintiff ESA has been diligent. The documents disclosing the scope of Simpson Thacher's ███████████████████████████████ ██████████████ were provided to Plaintiff only three weeks ago. No substantive depositions have been taken and discovery is not scheduled to close until July 6, 2018. To allow the amendment would not prejudice Defendant in any way and leave should be granted.

Plaintiff ESA has drafted a Second Amended Complaint that includes these additional allegations and some other minor editorial changes. On May 14, 2018, it shared this draft and a redlined version with Defendant's counsel. Plaintiff has not attached a copy to this Letter Motion because Defendant's counsel has stated that he intends to seek have portions of the pleading and attachments filed under seal, which Plaintiff ESA believes to be unnecessary.

Respectfully submitted,

Douglas W. Salvesen