UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                        :

BOSTON EXECUTIVE SEARCH        :
ASSOCIATES, INC.,                 :
                   Plaintiff,   :

                                 :
         -against-              :
                                 :
SIMPSON THACHER & BARTLETT LLP, :
                  Defendant.  :
                                 :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__8/22/2018__

17 Civ. 10123 (LGS)

ORDER

LORNA G. SCHOFIELD, District Judge:

WHEREAS, by letters emailed to the Chambers inbox, dated July 25, August 6, and August 13, 2018, the parties raised a discovery dispute regarding Defendant's designation of a July 27, 2016, memorandum (the "July 27 Memorandum") as "Confidential – Attorneys' Eyes Only," and Defendant's withholding of 28 emails as protected from disclosure by the attorney-client privilege;

WHEREAS, the Court heard argument on August 21, 2018, regarding the dispute and was provided a copy of the emails in question for *in camera* review;

WHEREAS, "The party that seeks a protective order bears the burden of establishing good cause for issuance of that order." *Koch v. Greenberg*, No. 07 Civ. 9600, 2012 WL 1449186, at *1 (S.D.N.Y. Apr. 13, 2012) (quoting *Gambale v. Deutsche Bank AG,* 377 F.3d 133, 142 (2d Cir. 2004)). "The 'good cause' analysis is informed by the presumptions of public access under the common law and the First Amendment." *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 243 (S.D.N.Y. 2009). Based on the parties' submissions and argument; it is hereby

**ORDERED** that pursuant to the standard articulated in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006), the July 27 Memorandum is a "judicial document" to which the public has a presumptive right of access that is not outweighed by the

Defendant's expressed privacy interest. The memorandum is a "judicial document" because it and its creation of an attorney-client relationship is in part the basis for the Court's ruling below as to the 28 emails and is thus relevant to the performance of a judicial function. *See id.* at 119. That the subject matter of the July 27 Memorandum may be a matter of interest to Defendant's competitors is insufficient to outweigh the right of access in the absence of any articulable harm that would occur if the document is disclosed. Accordingly, the July 27 Memorandum need not be treated as Confidential under the Protective Order. It is further

**ORDERED** that the 28 emails are protected from disclosure under the attorney-client privilege because each is "(1) a communication between client and counsel that (2) was intended to be and was in fact kept confidential, and (3) was made for the purposes of obtaining or providing legal advice." *In re County of Erie*, 473 F.3d 413, 419 (2d Cir. 2007). Each of the emails includes attorneys acting as firm counsel, on the one hand, and others at the Defendant firm as clients on the other hand. That firm counsel were acting as counsel is evident from the July 27 Memorandum as well as the substance of the communications. Based on their content, it is apparent that the emails were sent for the purpose of obtaining and providing legal advice regarding the dispute that is the basis for this litigation. The emails on their face are confined to those within the attorney-client relationship, and nothing submitted to the Court suggests that the communications were not confidential. Various unprivileged documents are attached to the 28 privileged emails -- including or comprising communications between the parties, and documents sent by Plaintiff to Defendant -- and these attachments are not privileged. Defendant need not identify which documents are attached to the privileged emails, but Defendant must otherwise produce these unprivileged documents, and presumably has already done so. It is further

**ORDERED** that by September 4, 2018, the parties shall file all of the letters and

documents submitted in connection with the foregoing applications. The Court's Individual Rule I.C.3, governs the filing of any documents that, consistent with the above rulings, must be filed in redacted form or under seal. By September 4, 2018, Defendant shall provide the Court ex parte with a digital courtesy copy of the 28 emails.

Dated: August 22, 2018
     New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**