# YURKO, SALVESEN & REMZ, P.C.
Attorneys at Law

Richard J. Yurko
Douglas W. Salvesen
Sanford F. Remz*
Anthony B. Fioravanti

Noemi A. Kawamoto*

* Also admitted in NY

Donald K. Stern
Of Counsel

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

July 25, 2018

The Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 1106
New York, New York 10007

      Re:    <u>Boston Executive Search Associates, Inc. v. Simpson Thacher & Bartlett LLP</u>
              Docket No.: 1:17-cv-10123-LGS

Dear Judge Schofield:

      Pursuant to Rule III.A.1 of the Court's Individualized Rules and the Court's March 29, 2018 Protective Order in this matter, Plaintiff Boston Executive Search Associates, Inc. ("ESA") and Defendant Simpson Thacher & Bartlett LLP ("Simpson Thacher") jointly submit this letter motion setting forth their dispute regarding Defendant's designation of a one-page July 27, 2016 memorandum from William Dougherty, the Chairman of Simpson Thacher's Executive Committee, appointing six Simpson Thacher partners as "firm counsel" (the "July 2016 Memorandum"). Simpson Thacher has designated the Memorandum as "Confidential – Attorneys' Eyes Only."[1] A copy of the Memorandum is attached hereto as Exhibit A. The parties propose that the conference take place on August 1, 2018 or on a date thereafter that is convenient for the Court.

      **I.**    **Plaintiff's Position.**

      The Protective Order permits the parties themselves to initially designate information as confidential without an initial showing of "good cause." The required showing of "good cause" is "temporarily postponed 'until a party ... challenges the continued confidential treatment of certain particular documents' or testimony, at which point 'the burden of establishing good cause then lies with the party seeking to prevent the disclosure.'" <u>Koch v. Greenberg</u>, No. 07 Civ. 9600, 2012 WL 1449186, at *1 (S.D.N.Y. Apr. 13, 2012) (citations omitted).

      Now that ESA has challenged the designation of the July 2016 Memorandum as confidential, Simpson Thacher has the burden to "show that a 'clearly defined specific and serious injury' will occur" if the July 2016 Memorandum is subject to disclosure. <u>McDonnell v. First Unum Life Ins. Co.</u>, No. 10 CV 08140 RPP, 2012 WL 13933, at *1 (S.D.N.Y. Jan 4, 2012). Broad allegations of harm, unsubstantiated by specific factual examples, do not satisfy the Rule 26(c) test. <u>Bank of New York v. Meridien BIAO Bank Tanzania Ltd.</u>, 171 F.R.D. 135, 143 (S.D.N.Y. 1997).

      In its argument below, Simpson Thacher nowhere contends that disclosure of the Memorandum would cause it to suffer any harm whatsoever. Instead, Simpson Thacher asserts only that the Memorandum contains "non-public, sensitive business information that concerns the firm's structure and the allocation of responsibilities for internal firm management." However, federal courts have long held that confidential business information does <u>not</u> warrant protection under the Rule simply because it is non-public. E.g., <u>Schiller v. City of New York</u>, No. 04 CIV 7921, 2007 WL 136149, at

---

[1] Under the Court's Protective Order, there is no "Attorneys' Eyes Only" designation.

*8 (S.D.N.Y. Jan. 19, 2007) ("If a party could obtain a protective order based merely on an assertion that it would prefer to keep a document from public view, Rule 26(c)'s 'good cause' requirement would be meaningless"); Salomon Smith Barney, Inc. v. HBO & Co., 98 Civ. 8721 (LAK), 2001 WL 225040 at *3 (S.D.N.Y. Mar. 7, 2001) ("[I]mplicit in the notion of 'confidential business information' is something beyond the mere fact that the particular datum has not previously been made available to the public").

Simpson Thacher's assertion that it maintains the confidentiality of the "firm's structure and allocation of responsibilities for internal firm management" is silly. Its web site lists the "internal firm management" responsibilities of dozens of partners including, among others, the firm's Chairman of the Executive Committee, its Co-Administrative Partners, the Executive Committee members, Managing Partners of twelve office locations, Heads of each of the practice areas, the Chairs or Co-Chairs of the Compliance Committee, Client Committee, Opinion Committee, Business Development Committee, Finance Committee, Personnel Committee, and Women's Committee, in addition to the Executive Director and thirty-seven other individuals in the firm's administration.

Oddly, unlike these other positions, Simpson Thacher's web site has no description of the position of "firm counsel" and none of the firm biographies of the six partners who allegedly serve in that role mentions it. One of Simpson Thacher's partners, Michael Torkin, testified that, though he has worked at the firm since November 2017, he "can't say" that he ever heard of the position of "firm counsel" and is unaware of anyone at the firm acting in that capacity. Simpson Thacher now represents that it has been unable to locate documents that describe the function or responsibilities of "firm counsel" and and cannot say when it expects to complete its search for such documents. ESA suspects that the pending discovery due from Defendant will demonstrate that the "appointment" of firm counsel by the firm's Chairman is little more than an attempt to place the administrative activities of the Co-Administrative Partners under the cloak of the attorney-client privilege.

Simpson Thacher's improper confidentiality designation of the Memorandum hinders the prosecution of this action: it severely restricts dissemination of the document and obligates ESA to obtain written acknowledgement from third parties to maintain the document's confidential status; it requires that confidential sections of a deposition transcript be treated differently; it obligates ESA to provide advance notice of the use of such documents in court filings; and it requires significant additional administrative measures by the Court and its staff – none of which is necessary where, as in this case, there is no "good cause" for these restrictions.

Since there is no significant risk of any harm to Simpson Thacher that would result from the disclosure of the Memorandum, Simpson Thacher has failed to carry its burden under Rule 26. Therefore, in accordance with the precedent cited above and the Protective Order, the Court should order that the July 2016 Memorandum be re-designated as non-confidential.

## II.     Defendant's Position.

ESA's challenge to the confidentiality of an internal Simpson Thacher memo is a waste of the parties' and the Court's time and serves no purpose in advancing this lawsuit toward resolution.

The memo that is the subject of ESA's motion was produced in response to ESA's request for proof that Simpson Thacher's two Administrative Partners are retained as internal counsel to the firm for disputes such as the one that is the subject of this lawsuit. ESA's counsel had queried Simpson Thacher's assertion of privilege over communications between firm partners and the firm's internal counsel about this dispute when it arose in November 2017. Simpson Thacher's assertion of privilege over such communications is wholly proper and not subject to any reasonable dispute. *See*,

*e.g., E.E.O.C. v. Kelley Drye & Warren LLP*, 2011 WL 280804, at *2 (S.D.N.Y. Jan. 20, 2011) (confirming privilege for communications between an attorney of the firm and another attorney who had a "pre-assigned role as legal advisor to the law firm and [ ] played that role in this instance"); *Lama Holding Co. v. Shearman & Sterling*, 1991 WL 115052, at *1 (S.D.N.Y. Jun. 17, 1991) ("It is undisputed that an attorney-client relationship can exist within a law firm."). ESA's counsel, however, refused to accept the writer's representation that Simpson Thacher's two Administrative Partners are indeed counsel to the firm, and demanded written proof that this was the case. Accordingly, to satisfy the doubts expressed by ESA's counsel, Simpson Thacher agreed to produce on a "Confidential – Attorneys' Eyes Only" basis a copy of the July 27, 2016 memo. The memo plainly states that the Administrative Partners are retained as counsel to the firm.[2] Yet, ESA's counsel remained unsatisfied, stating that ESA still intends to challenge Simpson Thacher's assertion of privilege over communications with the firm's internal counsel.

All of that is a prelude to the instant motion, in which ESA seeks to challenge the confidentiality of the July 27, 2016 memo. The confidentiality challenge serves no purpose other than to potentially enable ESA to publicly file the memo as an exhibit to any eventual motion challenging Simpson Thacher's privilege log. Simpson Thacher's counsel proposed to ESA's counsel that its confidentiality challenge be addressed to the Court at the same time as its privilege log challenge, if indeed ESA files such a motion, to avoid bothering the Court twice on related issues. ESA's counsel declined, and this motion followed.

The July 27, 2016 memo confirming the retention of Simpson Thacher's two Administrative Partners as counsel to the firm is a private, confidential, and sensitive internal firm communication. Protective Order, ¶ 3; *see also Mitchell v. Metro. Life Ins. Co.*, 2004 WL 2439704, at *2 (S.D.N.Y. Nov. 2, 2004) (confirming confidentiality of "sensitive company information that [company] is entitled to protect from competitor's view"). As ESA points out above, the designation of certain attorneys as internal firm counsel is not publicly disclosed on Simpson Thacher's website.[3] The memo was prepared with an expectation of confidentiality, as its header indicates, and should not be subject to public disclosure solely because ESA wants it to be publicly disclosed.

The memo is not the kind of document as to which there is a strong interest in public access. The memo has nothing to do with the underlying claims and defenses in this case. At best, it is potentially relevant to an ancillary (and baseless) privilege challenge ESA has not yet filed. Even if such a document were treated as a "judicial document," which it is not, any presumption of public access would be weak. *See U.S. v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason."); *see also Collado v. City of New York*, 193 F. Supp. 3d 286, 291-92 (S.D.N.Y. 2016) (sealing document due to its finding that "information at issue [is] irrelevant," because risk of harm surrounding its disclosure, "even if it is a small risk—is unwarranted").

---

[2] The memo also confirms the retention of four other Simpson Thacher attorneys as counsel to the firm with respect to roles that involve conflicts and ethics issues.

[3] ESA's aspersions that the memo is an improper attempt to "cloak" the administrative activities of the Administrative Partners in privilege are baseless. ESA also mischaracterizes the testimony of new partner Michael Torkin, who was not party to any of the communications ESA challenges, and who, when asked at deposition whether somebody is "designated as firm counsel," testified "I suspect so, but I don't know who it is," not, as ESA contends, that he never heard of such a position.

ESA's contention that the confidential designation of the memo "hinders the prosecution of this action" is vastly overstated. ESA identifies no third parties from whom it would have to obtain written acknowledgements to preserve confidentiality; the designation of the document will not materially impact how deposition transcripts are handled; and ESA has already provided notice of its intent to use the document in connection with a future motion.

For these reasons, Simpson Thacher respectfully requests that the memo remain confidential.

Respectfully submitted,                         Respectfully submitted,

/s/ Douglas W. Salvesen                         /s/ Alan Turner
_____                         _____
Douglas W. Salvesen                             Alan Turner
Counsel for Plaintiff                           Counsel for Defendant
Boston Exec. Search Assoc., Inc.                Simpson Thacher & Bartlett LLP

SIMPSON THACHER & BARTLETT LLP

**PRIVILEGED AND CONFIDENTIAL**

July 27, 2016

TO: Joseph Kaufman
Alan M. Klein
Joseph M. McLaughlin
J. Alden Millard
Lynn K. Neuner
Kathy Rose

FROM: William R. Dougherty

RE: Representation of Simpson Thacher

This is to confirm that each of you has been retained as firm counsel in connection with conflicts, ethics and liability matters relating to the firm in your capacities set forth below:

Joseph Kaufman, in his capacity as Co-Chair of the Client Committee
Alan M. Klein, in his capacity as Co-Chair of the Client Committee
Joseph M. McLaughlin, in his capacity as Co-Chair of the Client Committee
J. Alden Millard, in his capacity as Co-Administrative Partner
Lynn K. Neuner, in her capacity as Co-Administrative Partner
Kathy Rose, in her capacity as Global Director of Conflicts.

Thank you for your assistance.

William R. Dougherty
Chairman, Executive Committee

CONFIDENTIAL – ATTORNEYS' EYES ONLY

STB-ESA 0001681